IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE ESTATE OF LOIS M. LAROSA,
by JULIE GARVIN and
JOHN JOSEPH BELCASTRO, II,
Co-Executors,

      Plaintiffs,

v.                                           Civil Action No. 1:17CV121
                                                                      (STAMP)
JAMES J. LAROSA,
JOHN T. HASKINS,
UNKNOWN HEIRS AND DEVISEES
OF JAMES D. LAROSA,
GC1, LLC, a West Virginia
limited liability company,
CITY OF CLARKSBURG,
WEST VIRGINIA STATE TAX DEPARTMENT,
UNITED STATES OF AMERICA,
MOUNTAIN RESERVES, INC.,
a West Virginia corporation,
DAVID R. REXROAD,
PAMELA A. CAMPBELL,
DAVID E. KANDZARI and
SHARON CHRISTENSON, as Executrix of
the ESTATE OF ELSIE LORNA HOWARD,
a/k/a LORNA HILL HOWARD, deceased,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**REGARDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND DEFENDANT WEST VIRGINIA STATE TAX DEPARTMENT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.   Background

    This is a property case and creditors' action arising out of the Estate of James D. LaRosa, which includes numerous parcels of real estate located in Harrison County, West Virginia. This action is brought under West Virginia Code § 38-3-9.[1] West Virginia Code

---

[1] West Virginia Code § 38-3-9 states: The lien of a judgment may be enforced in a court of equity after an execution or fieri

§ 38-3-9 provides the direct authority for judicial sale of real property that is subject to a judgment lien and application of the sale proceeds to discharge the judgment. The object of this creditors' action is satisfaction of debts secured by the various lienholders by the sale of real properties subject to those liens.

The Complaint was originally filed in the Circuit Court of Harrison County, West Virginia by the Estate of Lois M. LaRosa, by and through plaintiffs, Julie Garvin and John Joseph Belcastro, II, as co-executors. Plaintiffs bring this action to enforce certain judgments entered against James D. LaRosa following a final underlying divorce order and to foreclose the corresponding judgment liens upon certain real property owned by James D. LaRosa and/or his nominees and transferees.

By order dated September 28, 1998, Lois M. LaRosa was divorced from James D. LaRosa and awarded a $1,500,000.00 "equalizing payment." Lois M. LaRosa did not reduce the divorce order to a judgment or seek to execute on the assets of James D. LaRosa until February 24, 2004. The Complaint alleges that although there is a final order entered on September 28, 1998 in the divorce of James

---

facias thereon has been duly returned to the office of the court or to the justice from which it issued showing by the return thereon that no property could be found from which such execution could be made: Provided, That such lien may be enforced in equity without such return when an execution or fieri facias has not issued within two years from the date of the judgment. If it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold and the proceeds applied to the discharge of the judgment.

D. LaRosa and Lois M. LaRosa (both now deceased), there has been no administration of the Estate of James D. LaRosa. The Estate of Mr. LaRosa and/or his nominees or transferees are currently the owner(s) of numerous parcels of real estate in Harrison County, West Virginia. Various entities, including the United States, have recorded liens including judgment liens and state and federal tax liens against certain properties enumerated in the Complaint.

This civil action was removed to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1442(a) and 1444 and 26 U.S.C. § 2410 on July 7, 2017. This civil action was transferred by United States District Judge Irene M. Keeley, pursuant to 28 U.S.C. § 455(a), to the undersigned judge on September 8, 2017. ECF No. 22.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come

forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) ("Summary judgment 'should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'" (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Moreover, the Court may enter summary judgment in favor of the non-moving party when there is no genuine issue as to any material fact and the non-moving party is entitled to judgment as a matter of law. See Command Cinema Corp. v. VCA Labs, Inc., 464 F. Supp. 2d 191 (S.D.N.Y. 2006); Sunderlin v. First Reliance Standard Life Ins. Co., 235 F. Supp. 2d 222 (W.D.N.Y. 2002)(Summary judgment may be rendered in favor of opposing party even though he has made no formal cross-motion for summary judgment, if undisputed facts are found which, when applied to the law, indicate that judgment against the moving party is appropriate).

### III. Contentions of the Parties

Now before this Court are the fully briefed motion for summary judgment filed by the plaintiffs (ECF No. 51) and the fully briefed motion for partial summary judgment by defendant West Virginia State Tax Department (ECF No. 53). In addition to the briefing, this Court heard oral argument on the parties' motions for summary judgment and has considered both the arguments of the parties presented in the briefing as well as in oral argument.

The motions are ripe for decision, and are discussed, in turn, below.

1. <u>Motion for Summary Judgment by Plaintiffs, The Estate of Lois M. LaRosa (ECF No. 51)</u>

Plaintiffs, as the Co-Executors of the Estate of Lois M. LaRosa, filed a motion for summary judgment (ECF No. 51) and memorandum in support (ECF No. 52) and assert that the Complaint, filed pursuant to West Virginia Code § 38-3-9, seeks to enforce the unpaid decretal judgments under the final order in the LaRosa divorce action that were carried forward and reduced to sum-certain amounts in the February 27, 2004 and March 28, 2008 judgment orders. ECF No. 51 at 3. First, the plaintiffs seek to enforce the judgment entered by the Circuit Court of Harrison County on February 27, 2004, in the amount of $821,965.84 with pre-judgment and post-judgment interest. The plaintiffs assert that this lien has a first priority on all real estate described in the Complaint. Second, the plaintiffs seek to enforce the judgment entered by the Circuit Court of Harrison County on March 28, 2008, for $823,503.27 with pre-judgment and post-judgment interest. Plaintiffs assert that "the judgment liens of Lois M. LaRosa are first in priority on all of the real estate properties that are the subject of this action." <u>Id.</u> at 4.

Plaintiffs assert that the designated properties are subject to judicial sale and that the judgment liens of the Estate of Lois M. Larosa are superior to the federal tax liens under the first in time, first in right theory. Plaintiffs assert that, in the present matter, Lois M. LaRosa obtained her first judgment against

James D. LaRosa by order entered on February 27, 2004, and an abstract of judgment was recorded in the Harrison County Clerk's office on March 31, 2004, and that Lois M. LaRosa obtained her second judgment on March 28, 2008, and an abstract of judgment was recorded in Harrison County on October 15, 2008. In comparison, plaintiffs assert that the first notice of federal tax lien was filed against James D. LaRosa on June 22, 2012, and the second one was filed on May 7, 2013. Id. at 10. Further, plaintiffs assert that the Lois M. LaRosa judgment liens are superior to the Campbell/Kandzari judgment lien, and are also superior to the liens of the remaining defendants. ECF No. 52 at 13, 17. Plaintiffs argue that "[t]he undisputed evidence shows that the properties in this creditor action are subject to the judgment liens held by the Estate of Lois M. LaRosa" and that "[i]t is also clearly established that the rents and profits from these properties in the next five years would be insufficient to satisfy these liens." Id. at 19.

Plaintiffs represent that "the parties that have current ownership interests do not dispute the fact that the rents and profits of these properties will be insufficient to discharge the liens within five years." ECF No. 52 at 8. Plaintiffs argue they are "entitled to a judicial determination that the judgment liens held by the Estate of Lois M. LaRosa are first in priority, that the real estate described in the Complaint is subject to those liens, and that these properties must be sold and the proceeds

7

applied to discharge the liens." Id. Plaintiffs request the Court grant summary judgment upon the claims and relief set forth in the Complaint, and upon the matters set forth in the counterclaim of defendants Pamela Campbell ("Campbell") and David Kandzari ("Kandzari"). Id.

Defendants Campbell and Kandzari filed a response in opposition (ECF No. 58) and urge the Court to deny plaintiffs' motion for summary judgment, asserting that: (1) the Campbell/Kandzari judgment is prior in time and right to plaintiffs' judgment and related claims; (2) the Campbell/Kandzari judgment is not barred by West Virginia Code § 38-3-18 because Campbell/Kandzari have undertaken multiple efforts in aid of execution of their judgment and lien and been partially paid thereon within the limitations period, and James D. LaRosa, under oath in a deposition taken October 4, 2007, in aid of execution on the Campbell/Kandzari judgment, misled Campbell/Kandzari about his assets, including those at issue and his ability to pay their judgment, which tolls the statute of limitations; and (3) even if the Court grants decretal effect to any pre-November 8, 2002 divorce non-payments to Mrs. LaRosa by James D. LaRosa, Exhibit 1 to plaintiffs' motion for contempt in the Circuit Court of Harrison County, West Virginia, does not list any such non-payments which pre-date the Campbell/Kandzari judgment order and lien of November 8, 2002. Thus, defendants Campbell and Kandzari argue, "no such non-payments are entitled to any decretal priority or displace the Campbell/Kandzari

Judgment and Order from its first priority status." Id. Instead, defendants Campbell and Kandzari assert that the Court should enter summary judgment for them and argue that as a matter of law, the judgment lien of Campbell/Kandzari is valid, enforceable, and entitled to first priority status as it is prior in right and time to plaintiffs' judgment liens. Defendants Campbell and Kandzari maintain there is no genuine issue as to any material fact related to lien priority, and Campbell/Kandzari are entitled to an order which confirms the first-priority status of their judgment lien and denies plaintiffs' motion for summary judgment as it relates to Campbell/Kandzari. ECF No. 58 at 11.

Defendant John T. Haskins ("Haskins") filed a response in opposition (ECF No. 59) and asserts that plaintiffs have failed to identify the particular property interests previously owned by James D. LaRosa that defendant Haskins now owns, and have not established that the Estate is entitled to an award of costs and attorneys' fees or for the Commissioner to be paid from the sales proceeds. ECF No. 59 at 2. Defendant Haskins asserts that there is no dispute among the parties that plaintiffs have identified two judgment orders against James D. LaRosa dated February 27, 2004, and March 28, 2008, and also no dispute that, by Quitclaim Deed dated March 27, 2009, James D. LaRosa and James J. LaRosa conveyed both of their interests in eighteen real properties to defendant Haskins. However, defendant argues, plaintiffs seek to force a sale of twelve of the real properties conveyed in the Quitclaim

Deed, but do not present any facts regarding the particular interests owned by James D. LaRosa in any of the twelve properties sought to be sold that he conveyed to defendant Haskins. Defendant Haskins argues that plaintiffs have not submitted any title opinion to prove ownership of the twelve properties and rely on tax assessments in the name of defendant Haskins and the deed to defendant Haskins from James D. LaRosa and James J. LaRosa to meet their required burden of proof. Moreover, defendant Haskins argues that, though plaintiffs broadly seek the ability to sell the properties identified in the Complaint, there is no basis for plaintiffs to seek the sale of the interests conveyed to defendant Haskins by James J. LaRosa, and the only judgment liens on which plaintiffs prosecute this action are against James D. LaRosa. Further, defendant Haskins asserts that plaintiffs initiated this action and should bear the costs and fees associated with the sale of the property interest by a Commissioner and that expense should not be deducted from monies that would otherwise be distributed to the defendants, and accordingly, the Court should deny plaintiffs' motion to the extent it seeks costs and attorneys' fees or payment of the Commissioner from the sales proceeds.

Defendant, the United States of America ("United States"), filed a response in opposition (ECF No. 61) and asserts that while the United States agrees that the judgment liens recorded by Lois M. LaRosa are prior and superior to those of the United States, plaintiffs have not shown that the federal tax liens of the United

States do not attach to the subject real properties.  The United States asserts that plaintiffs have not proved that no genuine issue of material fact remains.  As a consequence, plaintiffs' motion for summary judgment must be denied.  The United States also asserts that plaintiffs have no standing to challenge the validity of the United States' tax lien on the Haskins property because they do not own the property to which the federal tax lien attaches, and admit that defendant Haskins, who has not challenged the federal tax liens on the property, is the owner.

The Estate of Lois M. LaRosa filed replies (ECF Nos. 62, 63, 64) to the responses in opposition to the motion for summary judgment.

First, plaintiffs assert that defendant Haskins does not dispute that the properties described were conveyed to him by James D. LaRosa, and his contention that there has been no showing by plaintiffs as to James D. LaRosa's particular prior ownership interest in any of the properties is clearly wrong.  ECF No. 62. As proven by the exhibits attached to the Complaint and the exhibits further produced with their motion for summary judgment, the plaintiffs assert that the former property interests of James D. LaRosa that are subject to judicial sale in this action have been clearly identified.  Id.  Plaintiffs assert that the deeds and tax assessment records show there is no genuine issue of material fact and that a judicial sale is appropriate relief, and argue that defendant Haskins cannot merely raise a question to oppose summary

11

judgment, rather, he must produce significant probative evidence demonstrating a genuine issue for trial. Plaintiffs submit that a judicial sale should be conducted through a Commissioner appointed by the Court consistent with the applicable statutory procedures.

Next, in response to defendants Campbell and Kandzari, plaintiffs reiterate the arguments asserted in the motion and further argue that defendants Campbell and Kandzari agree that there are no material facts in dispute as to their status as judgment creditors of James D. LaRosa and raise no factual dispute regarding the plaintiffs' status as lien creditors under the judgments obtained by Lois LaRosa. ECF No. 63. Rather, plaintiffs state that these defendants challenge the legal interpretation as to lien priority. In response to these defendants, plaintiffs state that any lien priority of Campbell and Kandzari is determined by the date of the amended judgment order entered January 25, 2013, not by the date of the expired and superseded original judgment order. Plaintiffs also assert that the amended judgment order is not a renewal judgment, is no longer enforceable, and does not relate back to the original judgment order. Id. at 2, 5. Plaintiffs state that the judgment liens of Lois M. LaRosa are superior to any lien held by defendants Campbell and Kandzari. Id. at 8.

Lastly, plaintiffs put forth reasons why, in their opinion, the Lois M. LaRosa judgment liens are superior in priority to the federal tax liens of the defendant United States of America,

asserting that Lois M. LaRosa was a qualifying creditor under the applicable federal definition who perfected her judgment liens before the defendant United States gave constructive notice of its right to the delinquent taxpayer's assets by filing its notices of lien. Therefore, plaintiffs argue, under well-established "first in time, first in right" principles, that the Lois M. LaRosa judgment liens are prior and superior to the federal tax liens at issue. Importantly, plaintiffs note, the defendant United States does not dispute the facts and law on this central issue. ECF No. 64. Plaintiffs add that defendant United States now raises, for the first time, the issue whether defendant Haskins took the subject properties as a bona fide purchaser for value. The plaintiffs acknowledge that this question as to whether defendant Haskins holds the property as the "nominee" of the delinquent taxpayer presents a potential issue of material fact and also points out that defendant United States agrees that its liens are behind the LaRosa liens. Plaintiffs assert:

> The plaintiffs have established that the Lois LaRosa liens, including unpaid principal and interest, now exceed three million dollars. In the event, however unlikely, that a judicial sale of the subject properties nets an amount in excess of monies due superior lienholders, only then would defendant Haskins' status as a "nominee" become a material issue of fact. Defendant United States raises only a potential and remotely possible factual issue. This alone should not dictate the unnecessary and premature expenditure of judicial and litigant resources. A Special Commissioner appointed to conduct the sale could be directed, if and when a judicial sale results in a recovery exceeding the amounts due to superior lienholders, to report this result to the Court. Only then would the issue raised by defendant United States become material.

13

Plaintiffs request summary judgment be granted upon their priority claims and seek the judicial sale relief set forth in the Complaint.

2. <u>Motion for Partial Summary Judgment by Defendant, West Virginia State Tax Department (ECF No. 53)</u>

Defendant, the West Virginia State Tax Department, filed a motion for partial summary judgment (ECF No. 53) and asserts that the State Tax Department has eight tax liens recorded against James D. LaRosa.  ECF No. 53 at 2.  This defendant asserts that it is well settled that a statutory tax lien which has been properly recorded in the county courthouse is a lien on all real and personal property within that county owned by the taxpayer.  See W. Va. Code § 11-10-12; <u>see also</u> W. Va. Code § 38-10C-1.  This defendant argues there is no evidence before the Court to indicate that the real property owned by defendant James D. LaRosa was sold pursuant to a civil action in which the State Tax Commissioner was a party, that the Tax Commissioner was given prior written notice of the sale as required, or that the Tax Commissioner consented to the sale by defendant James D. LaRosa.  Therefore, this defendant argues, transfers of the real property are subject to the state tax liens and the eight West Virginia state tax liens remain undisturbed by operation of law.  <u>Id.</u>  Specifically, the Tax Department requests that this Court order the real property owned by defendant James D. LaRosa be sold; that a Commissioner be appointed to sell the real property located in Harrison County,

14

West Virginia; that the Commissioner be ordered to pay the West Virginia state tax liens in order of priority under the law; and this Court grant such additional relief as it deems proper. Id. at 7.

Plaintiffs, as Co-Executors of the Estate of Lois M. LaRosa, filed a response in opposition to the West Virginia State Tax Department's motion for partial summary judgment (ECF No. 56), and request that any partial summary judgment granted to the West Virginia State Tax Department be limited to a determination that the four tax liens arising prior to March 27, 2009 attach to the properties that are the subject of this action; and that such tax liens are inferior in priority to the Lois M. LaRosa judgment liens. Plaintiffs agree with much of the defendant's argument, and simply point out that only the four liens of the State Tax Department that were earlier recorded while James D. LaRosa owned the subject properties could attach to his ownership interest therein, in that liens arising later do not attach to property James D. LaRosa no longer owned.

No reply was filed.

## IV. Discussion

Following its review of the fully briefed motions, the parties' briefing, the arguments made by the parties at oral argument, and the memoranda and exhibits submitted by the parties, and for the reasons set forth below, this Court finds, as a matter of law, that the Campbell/Kandzari Judgment Order and Lien of

November 8, 2002 is valid, enforceable, and entitled to first priority status as it is prior in right and time to plaintiffs' judgment liens. There is no genuine issue as to any material fact regarding this issue and this Court finds that the Amended Judgment Order (ECF No. 52-1 at 54, Ex. W) relates back and is plainly and on its face a renewal of the 2002 Judgment Order. Plaintiffs, under the facts presented, are not unfairly prejudiced by the Amended Judgment Order because the Amended Judgment Order reflects a reduction of the amount owed and plaintiffs were not without notice of the full extent of the Campbell/Kandzari Judgment Order and Lien of November 8, 2002, because the Amended Judgment Order relates back to and incorporates the original Judgment Order. See Barber v. Barber, 195 W. Va. 38, 40, 464 S.E.2d 358, 360 (1995).

Next, this Court finds, as a matter of law, that the only judgment liens on which plaintiffs prosecute this action are against James D. LaRosa. Defendant Haskins argues that plaintiffs have not submitted any title opinion to prove ownership of the twelve properties and rely on tax assessments in the name of defendant Haskins and the deed to defendant Haskins from James D. LaRosa and James J. LaRosa to meet their required burden of proof. This Court finds it is appropriate to defer its finding as it relates to defendant Haskins until such time as the Commissioner to be appointed identifies James D. LaRosa's particular ownership interests in the subject properties. This Court will consult the Commissioner's report as to the twelve properties sought to be sold

16

which are implicated by the Quitclaim Deed by James D. LaRosa and James J. LaRosa which conveyed interests in eighteen real properties to defendant Haskins.

Next, this Court finds that defendant United States raises only a potential and remotely possible factual issue, which would only become material if and when a judicial sale results in a recovery exceeding the amounts due to superior lienholders. Additionally, this Court finds that defendants cannot merely raise a question; to oppose summary judgment they must produce significant probative evidence demonstrating a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

Moreover, to the extent plaintiffs' motion requests all relief requested in the Complaint, which includes attorneys' fees and costs or payment of the Commissioner from the sale proceeds, the motion is denied as plaintiffs concede they no longer seek these measures of relief (ECF No. 62 at 4).

Further, this Court grants defendant West Virginia State Tax Department's motion for partial summary judgment (ECF No. 53) as framed, and finds that the four tax liens arising prior to March 27, 2009 attach to the properties that are the subject of this action; and that such tax liens are inferior in priority to the Campbell/Kandzari and Lois M. LaRosa judgment liens.

V. <u>Conclusion</u>

For the reasons set forth above, this Court finds that the designated properties are subject to judicial sale pursuant to West Virginia Code § 38-3-9, and that these properties must be sold and the proceeds applied to discharge the liens. This Court finds that the Campbell/Kandzari Judgment Order and Lien of November 8, 2002 (ECF No. 58) is prior in time to plaintiffs' judgments and related claim and first in right.

Accordingly, plaintiffs' motion for summary judgment as the Co-Executors of the Estate of Lois M. LaRosa (ECF No. 51) is GRANTED IN PART and DENIED IN PART AS FRAMED. The motion for partial summary judgment of defendant West Virginia State Tax Department (ECF No. 53) is GRANTED AS FRAMED. Accordingly, the relief requested in defendants Campbell and Kandzari's counterclaim (ECF No. 39-9), as it applies to priority of liens, is GRANTED. To the extent defendants Campbell and Kandzari also assert a crossclaim, which went unanswered in this action, this Court finds that the crossclaim seeks the same measures of relief requested in the counterclaim. Thus, the crossclaim is DENIED AS MOOT.

Pursuant to West Virginia Code § 38-3-12, this Court will, by separate order, appoint a Commissioner in this civil action in order to proceed to ascertain and report to this Court, all the liens, on the real estate or any part thereof of the judgment debtor, the holders of such liens, the amount due to each, and the priorities thereof, and such other matters necessary for the

resolution of this action consistent with the applicable statutory procedures.  See W. Va. Code § 38-3-11, et seq.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   December 7, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE